at all, or are you an associate of the team that provides Mr. Griffin for the allowance? Judge Gibbons, I have reserved three minutes for rebuttal. May it please the Court, my name is Mark Griffin, and I represent Nurses Keith, Ivy, and Elizabeth Mason in this appeal of the District Court's denial of their motions to intervene. This appeal is about the antitrust claims of thousands of Memphis area nurses who were injured by defendants' agreement to suppress their wages. The only possible way for these nurses to have their day in court is for this court to allow Nurse Ivy and Mason to intervene in order to challenge the District Court's denial of the motion for class certification. Ivy and Mason's September 2013 motions to intervene were timely because they couldn't have known before that time that the remaining plaintiff wouldn't appeal the class certification denial. That's because Nurse Kenise Dillard repeatedly stated throughout the record that it was her intent to appeal the District Court's denial of class certification. Ivy and Mason now want to step into the shoes of Nurse Dillard to appeal that denial. If they aren't allowed to do that, their claims and the claims of all the thousands of Memphis area nurses will be extinguished. This is important because even the limited discovery had so far in the case shows that the claims are meritorious. Although discovery was bifurcated and limited to class certification issues, documents were produced confirming that defendants had in fact been exchanging nurse wage information, detailed nurse wage and compensation data, with each other, including future compensation information. Exchanges of future wage information are considered highly anti-competitive, and courts in other antitrust nurse wage litigation have relied on similar evidence to deny motions for summary judgment. Isn't this pretty much like the McDonald case? Yes, this is exactly the McDonald case. How do you fit in triax which came after McDonald? Did the court consider those factors? Yes, the District Court did consider the triax factors, but the triax factors and the McDonald factors are not inconsistent factors. They are means of analyzing whether the motion to intervene was timely, and it is the plaintiff's position that the court erred in not following the 1977 decision in United Airlines v. McDonald. It's an opinion written by Justice Potter Stewart, and in that opinion, the Supreme Court established that when absent class members, like Nurse Ivey and Mason in this case, intervene to appeal an earlier class denial, the intervention is timely if filed shortly after the class members should realize that the named plaintiff will not appeal the denial of class certification. In United Airlines v. McDonald, the Supreme Court held that the intervening plaintiffs had no reason to suppose that the named plaintiffs would not appeal, and it referred to the fact that the named plaintiffs had attempted an interlocutory appeal of the class denial. The District Court cited the lack of such an attempted interlocutory appeal in this case as a reason to distinguish and find inapplicable the McDonald holding. Now, Ivey and Mason could have intervened or moved to intervene much earlier, right? Could they have? They could have, Your Honor. However, there is no reason for them to have done so, because all of the record evidence about Nurse Dillard's intention to appeal the class certification denial indicated that that was her goal all along, to appeal that. And the American Pipe and other Supreme Court cases explain that the class action device exists to encourage efficiency of class litigation and to avoid the necessity of having absent class members intervene in a pending class action. And this is particularly true where you have a named plaintiff, Kenise Dillard, who repeatedly, on the record, stated that it was her intent all along to appeal the class certification denial. Would she do? End up settling or just abandon the case? Or do you know? Well, Your Honor, I do know, but I am prevented from answering your question unless the court orders me to answer. If it's not in the record, you don't need to tell us. You shouldn't tell us. I can guess, but you can't. What was the main reason that the District Court did not follow McDonald? The District Court followed a previous ruling in this court in a prior attempt by a nurse named Anna Batchelter to intervene in this same case. And that attempt was denied. That motion to intervene was denied. And it was appealed to this court. And the court ruled that Ms. Batchelter's attempt to intervene was untimely, applying the triax factors. The District Court, when faced with the Ivey and Mason motions to intervene, relied on the Batchelter ruling of this court. However, the interests involved in the Batchelter appeal and the interests involved in this appeal are different. And the U.S. Supreme Court, in McDonald, explains that this difference makes all the difference in analyzing timeliness. But that's because, at this point, if the issue is to be preserved in any way for review, it has to be through the intervention of new parties. That's correct. That was not the situation at the time of the other motion to intervene. Exactly, Your Honor, exactly. In the Batchelter situation, she wanted to litigate alongside the existing class representative named plaintiffs in the case. She wanted to litigate with them. Here, those parties have been dismissed. And so she is trying to step into the shoes of Ms. Dillard in order to appeal the class certification denial. Without the ability to do that, all of the claims of Ivey and Mason and the claims of the thousands of Memphis-area nurses will be extinguished. I want to ask you about two things that relate to this case. In considering it, I started, well, I was puzzled as to exactly what we might say to the district court. Clearly, it seemed fairly clearly, it seems to me, McDonald applies in ways that the district court didn't recognize. On the other hand, there obviously also, post-McDonald, is some rule for the continued exercise of discretion. And so I was concerned about what we might say to the district court that would not be confusing with regard to its remaining discretionary obligations and the impact of McDonald. That's one. I'm going to ask you both these at once, although they really don't have anything to do with each other, and then let you try to grapple with them. But if I don't do it that way, I'll probably forget the second one. Two, procedurally, how should we go forward in this case? I mean, if we disagree with the district court, we've got to somehow get the plaintiffs, the intervening plaintiffs' denial of class certification before the court for briefing. And they included it in their notice of appeal, but I'm just a little confused about what the proper way would be for us to go forward. So those two things. Well, let me answer your second question first. All right. The court, yes, the plaintiffs did, or the interveners, attempted to appeal and filed a notice of appeal of the class certification denial. This court has dismissed that claim on a motion. And so because the Ivy and Mason are not technically parties yet in the case, if this court were to grant the rule on this appeal that Ivy and Mason should be allowed to intervene, it is our belief that this court can then exercise jurisdiction over that notice of appeal that was initially filed. But we have to, you know, essentially, you know, we have to do something with that earlier order, though, because how are you going to get – I mean, we're going to have to act upon the existing notice of appeal because I can't think procedurally how – I mean, there'll be an order on the motion to intervene, but there's not going to be any new entry of final judgment in all likelihood. Right. Well, I think once the court rules that Ivy and Mason are parties and can intervene, then I think the court will have the jurisdiction and can vacate the prior order dismissing the appeal. Is there an issue, an order which regenerates our own jurisdiction? Like we lack jurisdiction over the other part of it and we say that part is dismissed, but now we rule on this one and that revives the other one? That seems puzzling to me. I think that it is puzzling. Isn't our normal practice when we reverse is to send it back and let it move from the point where the court went wrong? That is certainly an option for this court. If we took that option, I don't know what my colleagues would prefer, but if we took that option, what exactly would the district court then have the choice to do? What would be the possibilities for the district court then? Are there other bases for challenging the intervention that might be raised? Well, that goes to the first question. I'm curious to know what, assuming we take what to me seems like the normal course, which is to reverse and send it back and do what's consistent with our opinion, if we agree with you, which I'm not sure we do, but if we do agree with you that it should be reversed, then the district court would have to act knowing that that one option that it took before was off the table and whatever remaining options might remain. That's logically how it would work. Yes, that is logically how it would work. However, I think that the entire issue of intervention and all the different aspects of that decision were before the district court. But if we agree with you, it ruled wrongly on one of them and hasn't ruled on the others. Well, I think that this court, there are cases that say that this court can decide as a threshold matter the intervention issue. Initially, the procedure in this case is that we appealed prior to the district court ruling on intervention because of a... The only issue before us now is whether the district court properly denied intervention, right? That is correct. That's the only thing. Because... That's all that jurisdiction applies to. But that is... If it's reversed on that, then why can't we just send it back and let the district court do whatever else is appropriate with the one thing that they did before being taken off the table? Well, the reason that intervention is the only issue is that this court, a panel of this court, granted defendants' motion to dismiss the other appeal. See, my concern is that if... Whether we remand to the district court for... Let's assume there's a remand. And whether it's simply for entry of an order granting intervention because this case is so close to McDonald, there's not really anything left of the discretionary factors. Or whether it's for a further disconsideration of the timeless issue in view of the correct interpretation of McDonald and other timeless issues left for consideration. What the district court is going to enter, I think, is an order on the motion to intervene. That's right. It's not going to enter another final judgment in the case. And the only way your clients can proceed is under the original notice of appeal, and we've dismissed the issue that the intervention would permit them to appeal. Is that the way you see this? Yes, Your Honor. Okay. Can you briefly, even though your time is up, try to answer the first question? We're letting you go over your time, but I want to know the answer to that. Well, Your Honor, the instructions that you could give the district court might include things like the court distinguished McDonald based on this lack of an attempted interlocutory appeal. Our briefing shows that the Seventh Circuit has addressed that issue expressly. This court could give the court guidance that that is not a reason to distinguish and not to apply McDonald. The district court also seemed to be concerned with the fact that there was identity or an overlap in the identity of counsel for the interveners and the first plaintiffs in the case. There's another Seventh Circuit case that rules on that issue and disposes of that, saying that that is not . . . So you'd say we'd have to reach out to decide some other issues other than the proper interpretation of McDonald? Well, I think that part of what the district court did was, as a threshold matter, decided, well, McDonald is too different than the facts of this case, so I'm not going to apply it, and then looked at the triax factors. I think what this court could do is say, no, McDonald is close enough to the facts of this case. Here's why, and explain these two ideas that I had. Are there further questions for Mr. Griffin? All right. Thank you. Good morning, Your Honors, and may it please the Court. My name is Brian Murray, and I represent the defendants' appellees at the hospitals. Your Honors, I think the beginning and the end of this appeal is simple. In their reply brief on page 6, plaintiffs said, and I think we agree, this case largely boils down to, one, defining Ivy and Mason's relevant interest, and, two, determining when they should have realized that the named plaintiffs were not adequately protecting it. And with respect, I believe what my friends are trying to do is to cabin their interest into this narrow window of, we have an interest in taking an appeal. But that's not what Rule 24 speaks of in terms of intervention. The interest that allows intervention in the first place is an interest in the underlying claims, and that being an interest relating to the property or transaction that is the subject of the action. And Rule 24 goes on to say that you have intervention of right when those claims are at issue, and they may affect your ability to advance those claims unless existing parties already adequately represent that interest. And since we heard today, I think, clarification from plaintiffs' counsel that their concern is that their claims will be extinguished. That's really their interest in this case is the claims, not some narrow window of they want to take an appeal. There is no separate right, we believe, separate interest in taking an appeal. What their interest is is in litigating the claims. And that just makes sense. Well, in order to litigate their claims, is there another avenue available to them? No, and I guess that's the point, right? If the interest is in letting them litigate their underlying antitrust claims, then Judge Mays did not abuse his discretion in applying the triax factors as to when they knew or should have known that their ability to litigate those claims was in question. Specifically, Judge Mays looked at all of the triax factors and said there would be prejudice here, the suit has moved on, the individual named plaintiffs have all gotten rid of their claims. The defendants reasonably believed that there was nothing left of this case. And when the class certification was entered, the denial in 2009, and there was no appeal of that, and instead plaintiffs' lawyers, the same lawyers here, took the tack of trying an intervention of a new class representative, and that was denied. Anywhere in there, warning bells should have been going off in the heads of Ivey and Mason that their interests were no longer being protected. What are you doing about McDonald? I mean, this case would present to us a relatively routine ruling on a motion to intervene with what would appear to be a reasonable exercise of discretion with respect to timeliness. But I think the problem we have is, you know, the Supreme Court appears to have taken a different tack in a case that is very, very, very procedurally similar. And I don't know how we can avoid that and just look at this case as you suggest. Sure, Your Honor, and the answer is in two parts. First, in the original Batchelder appeal, this court very carefully squared McDonald with the triax factors. What McDonald was about was when someone seeking to intervene knew or should have known that their interests in the underlying claims were no longer adequately being represented by the plaintiffs. Now, the Batchelder appeal was what she actually knew, whereas here, Judge Mays, we believe, didn't abuse his discretion in what Ivey and Mason knew or should have known. Secondly, McDonald, I think, is easily distinguished because McDonald was a case about numerosity. The way I think about it is this. You had named plaintiffs in the McDonald case who litigated class certification and then the merits all the way through to the end. The only reason for denying class certification in McDonald was that there weren't numerous enough plaintiffs. Those plaintiffs, the named plaintiffs, were as good as anyone else to continue to advance that argument all the way to final judgment. That's because whether there was an intervention by McDonald at that point or whether the named plaintiffs continued forward, either of those people had an equal ability to advance that argument all the way to final judgment. It was only when final judgment came and the named plaintiffs decided not to appeal that McDonald knew or should have known that her interests in the underlying claims were no longer protected. Is that what they say happened here? No. Well, they say that, but the problem is here the district court's denial of class certification was not numerosity. It was adequacy, and that's what makes this different from McDonald. At that point, the people in the arena, the original plaintiffs, Clark and Dillard, are no longer adequately representing the claims of Ivey and Mason, who are no longer there. They are not well-situated, as were the named plaintiffs in McDonald, to push those claims forward. That presumes you're going to, if you're Ivey or Mason, assume that the district court is correct. I mean, when you flip it and look at the possibility of appeal and a different decision on appeal, and you're Ivey and Mason, you have a different point of view, perhaps. I think not only because you don't have to wait until it's absolutely clear that your interests aren't being protected, and, again, this comes right out of this court's prior Batchelder decision. All that you need to know is that there's a danger. Indeed, counsel for the plaintiffs in the Batchelder intervention admitted that her interests were no longer adequately protected, and, indeed, like those of all members of the putative class, were no longer being protected. And we cite that in our response brief at page 6. Once that admission is done in filed court documents that say, you know, we have a real—in fact, they admitted, it's in the Batchelder opinion, that these plaintiffs, there were concerns from the very beginning of the case that these named plaintiffs might not be adequate. At that point, as Ivey and Mason, you're no longer justified in sitting on the sidelines and hoping that they will vindicate your claims one day. These people are no longer as well-situated as you think you are as an adequate class representative to push these claims forward. You have to get in there and make sure that you are protecting these claims to move forward. You can't just hope that the adequacy determination will eventually be appealed, and they will eventually win, and you will eventually be able to somehow get in and have your claims pushed forward by these two named plaintiffs. I don't see why it isn't pretty different when you say I think these two representatives are representative and are valid class—named class members, whereas the plaintiffs in Batchelder didn't think they were. I mean it's like two different theories of how the case should go forward. And they put their eggs in the latter basket, and as soon as that basket collapsed, then they entered. But they're different theories, right? They're almost conflicting theories in a way. But they boil down to the same point, right? I mean they're conflicting theories— You said they boil down, but aren't they different? I mean one of them says I think those people are adequate, and so if they're adequate, I don't need to intervene because my theory is that they're adequate. The Batchelder plaintiffs think that they're not adequate, and if you think that they're not adequate, then you need to get in. If you think that they are not adequate, at that point you have an intervention as a right under Rule 24 to protect your claims, right? Adequacy is— I'm not speaking technically. I'm saying it's enough that they will—I don't know the class action jargon— that those named plaintiffs are sufficient to protect our interests, whatever that is under the class action jargon. Plaintiffs in Batchelder thought not, and so they wanted to get in there, right? But they waited too long. And that's what makes this case importantly different from McDonald. The theory as presented here is that plaintiffs had a right to, even after concerns about adequacy of the named plaintiffs, even about adjudication of the adequacy of the named plaintiffs, they had a right nonetheless to wait on the sidelines to figure out, hopefully, that their interests would be protected. And if not, what they're asking for, I think, is an intervention to defend the honor of Clark and Dillard. That's very different than numerosity. They're not here picking up something that they were equally well situated to litigate as the named plaintiff. They're now trying to get in and do something they should have done earlier, which is to give this class a named representative that is adequate to litigate the case. Don't you find it rather anomalous, I mean, that Batchelder would be too late, but these plaintiffs, by virtue of the application of McDonald, would be on time? And certainly Batchelder was much earlier than these plaintiffs and was still untimely. Absolutely. I think as long as your honors get to the point where the relevant interest here is not some free-floating interest in taking an appeal, but the relevant interest is in litigating the underlying claims forward to judgment, I think this case sets up just like Batchelder. If Batchelder's untimely, then these folks are also untimely because they should have known, based on what went on in the district court, that their claims were at risk, that they were not adequately represented anymore, and the time had come for them to get in off the sidelines. I mean, think about procedure. Well, aren't they wiser to wait, given McDonald? I mean, Batchelder's been found to be untimely, and yet they have a vehicle for possibly being timely if they wait. I mean, they strengthened their legal position clearly by waiting. You know, and we don't think so, only because McDonald is not about just the right to take an appeal. McDonald is about the right to litigate your underlying claims. It was only in McDonald, when the final judgment was entered, that they knew that no one would take on numerosity further and that they were equally well-situated as the named plaintiffs to take on numerosity. Here, the question is, when did these people know or should have known that the issue of the adequacy of these plaintiffs, in other words, that these plaintiffs were no longer representing an entire class in pushing their IBM Mason's and other people's claims forward, when should they knew or should have known that these people were no longer adequate? And I think Judge Mays certainly didn't abuse his discretion in walking through TRIACS, which is what this court did in Batchelder, squaring McDonald with TRIACS, when he walked through the TRIACS factors and said, McDonald is about when you knew or reasonably should have known that your interests were no longer protected. And these people knew or should have known, once these named plaintiffs were judged to be inadequate, that their interests were no longer protected. How long after that time, at the denial of class certification, did Batchelder seek to get in? Denial of class certification happened in 2009, and Ms. Batchelder sought to intervene within a couple of months after that. Well, if she's untimely, I mean, what in the world could these plaintiffs have done any earlier? Well, I guess they could have intervened, and I guess that's the point, right? Why is it that if this person is intervening to take over and try to be a new class plaintiff and move the claims forward, and she's untimely, then why are Ivey and Mason, in trying to intervene at this very late date, relying on this narrow interest in taking of an appeal, when what we really know that they want to do is push their claims forward? They are just the same as Batchelder, right? They're limited because the only arguments they can make down the road, and I'm not sure how the road twists from here, but the only arguments, as I understand it, that they can make, and even I want to ask counsel on rebuttal, that even the only arguments they say that they're allowed to make are that the settling plaintiffs were adequate, right? Is that right? Yes, and you see the procedural nightmare. But that's where they put their eggs in that basket. That's how they think they can win, is by winning that appeal. That's not the same as – that is – it's a different way of approaching the case, but it's a limited one. But I don't see why they don't get to make it. And I think the answer is, if they're challenging the adequacy of these individual plaintiffs now, as Judge Mayes found, they should have known about the adequacy of these individual plaintiffs, or at least have real reason to concern that they were no longer being protected, as far back as 2009. They, like Batchelder, are seeking to push claims forward. They, like Batchelder, waited too long to do so. They, like Batchelder, have no business in this case. These are two non-profit – I have a technical question while you're here. You make forceful points. Assume for the moment that we were to say that McDonald applies here, then how should the procedure move from then? And I know that's territory you don't want us to get to, but I'm wondering what it would look like if we went into that territory. The only order before Your Honors is the order on intervention. And I agree with what I think I heard, which is if, for some reason, you find the judge may have abused his discretion in denying intervention, the result would be a remand on whether intervention was proper under anything else that was put forward. And if he allowed them to intervene— If he said no, then that would be the end of the case. If he said no, that would be the end of the case. If he said yes— If he said yes, intervention would be allowed. Now that I'm over the McDonald hurdle, I'm allowing intervention, then what would happen? I don't know that they have a basis to do anything else. That's the real problem, is what are they pushing forward? There's not—I mean, you've got a class cert denial. They timely appealed—well, they appealed to that. They'd have to get somebody else to represent their interests or to be the name plaintiff at that point. I don't know who they could get. Clark and Dillard have walked out of the case. They don't want to be here anymore. All they would have established by finding that Clark and Dillard were, in fact, adequate representatives is that they might have been at some point, but they're no longer here. There is no one to represent the class. And that's the point. What they were trying to do— That's the point, but you don't exactly present it in the briefs, and it would seem like it's a pretty important question. I mean, you could make the argument that even if you're right on McDonald and so forth, that there's no point to it at this stage, even if you're granted the intervention. Well, and that's what this court said when we moved to dismiss the class certification part of the appeal. The court was clear that the district court concluded the name plaintiffs were inadequate class representatives, and since they have since resolved their personal claims and as such cannot represent the class, even if we were to overturn the district court's determination, there's no relief for us to afford. If these plaintiffs decided to pursue individual claims, could they do so at this point? No, they couldn't. They'd be out of time. And that's the whole point. They'd be barred. So this is the only vehicle available to them to pursue their underlying claims. And that's exactly what Judge Mays said when he said, you know, as a district court, the purpose of intervention is not to allow counsel to present new arguments attached to different litigants' faces until one succeeds. I mean, imagine if you were to deny intervention of these people here. The plaintiffs could continue to intervene, more and more name plaintiffs, until they finally found one that stuck as adequate. I mean, this would be a never-ending loop until there was either a settlement. Well, there'd have to be a settlement. There's no way out of it. Bottom line here, Your Honor, is when walking through the triax factors as anticipated against McDonald as this court already held in Batchelder, Judge Mays did not abuse his discretion in finding that these people, Ivan and Mason, knew or should have known that their interests were no longer adequately protected long before they attempted intervention here. This 13-hour intervention was too late, and he did not abuse his discretion in so finding. We would ask that his order be affirmed. Okay, Mr. Griffin, you had some rebuttal time. Thank you, Your Honor. I asked the court to look carefully at McDonald. It expressly addresses these different issues that we've been discussing and that Judge Rogers, through his questioning, seems to understand. The interest of Ivy and Mason is not to litigate alongside the prior named plaintiffs, but rather to step into their shoes and to appeal the denial of class certification. McDonald teaches that an absent class member has that right, and it's an important right, as I tried to explain. How do you move forward from that? I mean, he raises an important, to me, a confounding question of how, once you establish that they were adequate, they aren't adequate now. I mean, they've already settled. Well, this court, what we would ask is that Ivy and Mason be allowed to intervene in order to appeal the district court's prior denial of class certification. The counsel is correct. It was denied because those two people were not adequate, and you're saying that was wrong, right? And now they've been proven not to be adequate. If they were adequate then, they're not adequate now, so Judge Rogers says, what's the point of all this? Right, I understand. The issue, though, is not the facts as they currently exist, but at the time that the court made the adequacy determination, he ruled on certain bases. He argued that one of the named plaintiffs... Assume for the moment, pardon me for interrupting, assume for the moment that you even win on that one. I'm not sure how it would get to us, but that you win on that one, and at the time they were adequate. That's the only issue you have left. Then this court needs to reverse the denial of class certification, remand the case to the district court... And then they look at those two people, and by now they clearly are not adequate, and that's the end. But given that set of facts, Ivy and Mason are then parties in the case, having litigated the appeal, and they can ask the court to... Recognize them as named plaintiffs. Exactly. I don't think so. I think they can raise only the issue that the district court, the basis on which the district court denied class certification, and the district court was quite probably correct on that. And if it wasn't correct, it's probably moot now, and so I don't think it gets your clients anywhere. Well, I disagree, Your Honor. If you read McDonald carefully, what happened there is that there was a settlement of all of the parties in the district court action, and the absent class members moved to intervene, and that appeal went through the court, and the district court reversed the denial of class certification, and it would have had to, at some point, remanded the case to the district court, and at that point the only parties that would remain were the intervening plaintiffs. The named plaintiffs who sought class certification had to dismiss their claims. That would be... You know, you can see how it would be easy to re-litigate, say, numerosity, but... Not without a class representative, Your Honor. I don't know. I just don't know, because, you know, adequacy is an individual thing. Well, in order to certify a class, the Rule 23 factors have to be established, one of which is adequacy, and you have to have a class representative to represent the class who is adequate, and necessarily one of the intervening plaintiffs would have to step into that shoes, given in McDonald that all of the parties, the plaintiffs, had settled their claims. Okay, I think we're done unless there are other questions. Thank you both for your arguments. Thank you, Your Honor. We'll consider this case carefully. It's an interesting and somewhat confounding case, at least for me. I won't speak for my fellow panelists on that. All right.